UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| PONY LEO JACKSON,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>TEREMA CARLIN,<br><br>　　　　　　　Respondent. | Case No. 1:15-cv-00339-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Pony Leo's Petition for Writ of Habeas Corpus, which asserts 16 claims. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication. (Dkt. 12, 23, 25.)

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion in part and dismissing Claims 1, 3, 4, 5, 6, 8, 9, 10, 11, and 16 with prejudice. The Court will deny the Motion without prejudice with respect to Claim 14.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Jackson v. State*, Docket No. 42116, Op. 504 (Idaho Ct. App. May 26, 2015) (unpublished), which is contained in the record at State's Lodging D-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner was convicted by a jury in the Seventh Judicial District in Clark County, Idaho, of two counts of lewd conduct with a minor child under the age of sixteen, in violation of Idaho Code § 18-1508. (State's Lodging D-4 at 2-3.) Petitioner was sentenced to twenty years in prison with ten years fixed. Petitioner's convictions were affirmed, and he did not obtain postconviction relief.

Claims 1 through 10 of the instant Petition assert ineffective assistance of trial counsel. Claim 11 appears to assert both actual innocence and ineffective assistance of counsel. Claims 12 through 15 assert prosecutorial misconduct, and Claim 16 asserts ineffective assistance of postconviction counsel. (Pet., Dkt. 1; Initial Review Order, Dkt. 7, at 2-3.)

In her Motion for Partial Summary Dismissal, Respondent argues that Claims 1, 3, 4, 5, 6, 8, 9, 10, 11, 14, and 16 are procedurally defaulted and that Claims 11 and 16 are also noncognizable in this federal habeas corpus action. (Dkt. 12.)

## DISCUSSION

### 1.    Standards of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

**MEMORANDUM DECISION AND ORDER - 2**

petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[1] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 2.    Claims 11(a) and 16 Are Not Cognizable in this Federal Habeas Corpus Action

### A.    *Claim 11(a): Actual Innocence*

In Claim 11, Petitioner alleges that he is actually innocent. (Pet. at 54, Dkt. 1-4 at 6.) The Court will refer to this claim as Claim 11(a). Because Petitioner uses the phrase "ineffective assistance of counsel" in discussing this claim, he may also be attempting to assert that his counsel was ineffective in failing to establish Petitioner's innocence at trial. The Court will refer to this claim as Claim 11(b).

Claim 11(a) is subject to summary dismissal because a freestanding claim of actual innocence is not cognizable in a non-capital habeas corpus case. *Stephenson v. Blades*, 2014 WL 3509448, at *7 (D. Idaho July 14, 2014); *see Herrera v. Collins*, 506 U.S. 390, 400 ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding . . . . This

---

[1]    The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 11.)

**MEMORANDUM DECISION AND ORDER - 3**

rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact.").

### B.     Claim 16: Ineffective Assistance of Postconviction Counsel

Claim 16 asserts that Petitioner's postconviction counsel rendered ineffective assistance. The Court will summarily dismiss this claim because there is no federal constitutional right to counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).[2]

### 3.     Claims 1, 3, 4, 5, 6, 8, 9, 10, and 11(b) Are Procedurally Defaulted, and Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of Those Claims

The Court now considers Respondent's argument that Claims 1, 3, 4, 5, 6, 8, 9, 10, and 11(b) are procedurally defaulted.

### A.     Standards of Law Governing Procedural Default

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have

---

[2]        However, in certain circumstances, ineffective assistance of counsel on initial postconviction review can—as an equitable matter—establish cause to excuse the procedural default of a constitutional claim of ineffective assistance of trial or direct appeal counsel. *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013).

**MEMORANDUM DECISION AND ORDER - 4**

presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*;

**MEMORANDUM DECISION AND ORDER - 5**

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

If a petitioner's claim is procedurally defaulted, a federal district court can still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### B. *Petitioner Has Not Established Cause and Prejudice as to Claims 1, 3, 4, 5, 6, 8, 9, 10, or 11(b)*

Petitioner does not dispute that Claims 1, 3, 4, 5, 6, 8, 9, 10, and 11(b) are procedurally defaulted. Rather, he argues that the procedural default of these claims is excused because Petitioner's postconviction appellate attorney's abandonment of the

**MEMORANDUM DECISION AND ORDER - 6**

claims, as well as her statement to Petitioner that all of his claims would be exhausted, establish cause and prejudice to excuse the default of these claims.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Although there is no constitutional right to counsel during state collateral proceedings, the Supreme Court has held that complete abandonment by an attorney— even during postconviction proceedings—constitutes sufficient cause to excuse the procedural default of a constitutional claim. *Maples v. Thomas*, 132 S. Ct. 912, 927 (2012). In *Maples,* the lawyers ceased acting as the petitioner's attorneys without telling him—they did not serve as his agents in any meaningful sense, and left him in a situation where he lacked the assistance of any authorized attorney. Therefore, "in reality, [the petitioner] had been reduced to pro se status" without having any reason to suspect so. *Id.* Because of counsel's abandonment, the failure of counsel to pursue the petitioner's claims could not be attributed to the petitioner and, thus, constituted cause to excuse procedural default.

**MEMORANDUM DECISION AND ORDER - 7**

As Petitioner acknowledges, his attorney during the postconviction appellate proceedings did not completely abandon Petitioner. (Dkt. 24 at 9.) Petitioner's postconviction appellate counsel filed a timely brief on two claims, supported by argument. (State's Lodging D-1, D-3.) Because Petitioner's postconviction appellate attorney did not abandon Petitioner, *Maples* does not apply.

Instead of relying exclusively on *Maples*, Petitioner also contends the "cause" that excuses the procedural default of his ineffective assistance claims is his postconviction appellate attorney's refusal to include the claims in her briefing despite Petitioner's clear instruction that she do so, combined with the attorney's incorrect advice to Petitioner that "his claims would be preserved for habeas corpus review regardless" of whether they were raised in the postconviction appellate briefing. (Dkt. 24 at 9.) Petitioner's contention is not persuasive.

An attorney is not required to make every argument a client desires. Indeed, attorneys are ethically prohibited from asserting certain arguments, such as those arguments the attorney believes are frivolous. *See* Idaho Rule of Professional Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."). Faced with his postconviction appellate attorney's statement that she would raise only certain issues in her brief, Petitioner had a choice: he could continue to proceed as represented, knowing that his attorney would not be making all of arguments Petitioner wanted, or he

**MEMORANDUM DECISION AND ORDER - 8**

could ask his attorney to withdraw so that he could proceed pro se, in which case he would have been able to raise all of his intended arguments. Petitioner decided to continue as represented by his attorney, and he cannot now use that decision as cause to excuse procedural default.

Postconviction appellate counsel's statement that Petitioner's claims would be preserved for federal habeas review, notwithstanding her failure to include them in her appellate briefing, also does not constitute cause. Inaccurately informing a client as to legal consequences is an act of negligence, and negligence on the part of postconviction counsel cannot constitute cause to excuse a procedural default. *Maples*, 132 S. Ct. at 922. Therefore, the actions of Petitioner's postconviction appellate attorney do not excuse the default of Claims 1, 3, 4, 5, 6, 8, 9, 10, and 11(b).

### C.    *Petitioner Has Not Established Actual Innocence as to Claims 1, 3, 4, 5, 6, 8, 9, 10, or 11(b)*

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not provided any credible evidence that he is actually innocent. Therefore, the actual innocence exception does not apply to excuse the procedural default of Claims 1, 3, 4, 5, 6, 8, 9, 10, and 11(b).

**MEMORANDUM DECISION AND ORDER - 10**

**4.      Claim 14 May Be Procedurally Defaulted, but It May Also Be Subject Either to AEDPA or De Novo Review on the Merits**

In Claim 14, Petitioner asserts that the prosecutor committed misconduct during Petitioner's trial by violating a trial court order excluding certain evidence. Defense counsel did not object to any of these violations. Under the fundamental error doctrine, the Idaho Court of Appeals denied Petitioner relief on Claim 14. (State's Lodging B-4.) Respondent asserts that this claim is procedurally defaulted. (Dkt. 12-1 at 9-10.) Petitioner responds that (1) at the time of the Idaho Court of Appeals' decision, the fundamental error doctrine was not an adequate state procedural ground, so the claim is not defaulted, and (2) if the claim is defaulted, cause and prejudice exist to excuse that default. (Dkt. 24 at 15-18.)

It is unclear at this time whether the Idaho Court of Appeals rejected Claim 14 on a procedural basis, on the merits, or both. Therefore, rather than decide the procedural default issue now, the Court will deny the motion to dismiss without prejudice as to Claim 14 and will allow that claim to proceed to the merits stage.

In Idaho, a trial error to which there was no contemporaneous objection can be reversed by the state appellate court only for fundamental error. *State v. Perry*, 245 P.3d 961, 979-80 (Idaho 2010). The fundamental error doctrine, which is somewhat similar to the federal courts' plain error doctrine,[3] allows for reversal only if (1) the alleged error "violates one or more of the defendant's unwaived constitutional rights," (2) the alleged

---

[3]      *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993).

**MEMORANDUM DECISION AND ORDER - 11**

error "plainly exists (without the need for any additional information not contained in the appellate record)," and (3) the alleged error was not harmless. *Id*. at 980.

A fundamental error decision by an Idaho appellate court can perhaps be seen as a procedurally-based decision. Holding that the fundamental error standard is not satisfied means that the court will not reverse because—procedurally—the party alleging the error did not object at trial.

However, a fundamental-error decision can also readily be seen as a merits-based decision. The appellate court still reviews a claim asserted under the fundamental error doctrine—it just uses a different standard than it would use if the error had been the subject of an objection at trial. Moreover, the first prong of the fundamental-error standard *requires* the reviewing court to consider whether a constitutional right was violated by the alleged error. For example, in this case, the Idaho Court of Appeals concluded that there had been "no demonstration that the prosecutor's alleged misconduct in disobeying the pretrial order violated one or more of [Petitioner's] unwaived constitutional rights." (State's Lodging B-4 at 5.) Such a statement seems to indicate a merits decision.

In sum, whether the fundamental error decision of the Idaho Court of Appeals constituted a procedurally-based decision, a merits-based decision, or both, is a complicated and difficult question. *See Brink v. Wengler*, No. 1:13-cv-00039-EJL, 2014 WL 1153745, at *10 (D. Idaho Mar. 20, 2014) (stating that "[w]hether the fundamental error doctrine indicates a procedural default or can be deemed a merits analysis is a

**MEMORANDUM DECISION AND ORDER - 12**

complex issue," citing case law supporting that proposition, and moving to the merits of the underlying claim); *Sheahan v. Smith*, No. 1:08-cv-00444-EJL, 2011 WL 1219681, at *4 (D. Idaho Mar. 28, 2011) ("[T]he question becomes whether the failure to object at trial is an adequate state procedural bar resulting in procedural default on federal review, or whether a fundamental error review is the equivalent of a review of the claim on its merits. This claim is more efficiently resolved by setting aside the procedural issue and going to the merits . . . .") (internal citation omitted).) The resolution of that question may affect the governing legal standard and, consequently, is extremely important.[4]

Although both parties appear to agree that the Idaho Court of Appeals rejected Claim 14 based on a state procedural rule, neither party has briefed the question of whether the state court's invocation of the fundamental error doctrine in Petitioner's case also constituted an "adjudication on the merits in State court proceedings."[5] 28 U.S.C. § 2254(d). Therefore, the Court will order briefing on this issue.

## CONCLUSION

Claims 11(a) and 16 are not cognizable on federal habeas review. Claims 1, 3, 4, 5, 6, 8, 9, 10, and 11(b) are procedurally defaulted, and Petitioner has not established an

---

[4]    If the prosecutorial misconduct issue in Claim 14 was properly asserted but not decided on the merits by the court of appeals—or if cause and prejudice apply to excuse any procedural default—then this Court would review the claim de novo. However, if the claim was properly asserted and the court of appeals' decision constitutes a merits decision, then the deferential standards of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), would apply to the Court's review of Claim 14.

[5]    Respondent states, in a different context (contending the fundamental error doctrine is independent of federal law), that the court of appeals' decision on Claim 14 "did not involve an examination of the merits of the underlying claim." (Dkt. 25 at 10.) However, this bare statement, supported only by a recitation of the state court's decision, is less than helpful.

**MEMORANDUM DECISION AND ORDER - 13**

excuse for that default. Therefore, Claims 1, 3, 4, 5, 6, 8, 9, 10, 11, and 16 will be dismissed with prejudice. The Court will defer ruling on Claim 14.

## ORDER

**IT IS ORDERED:**

1.   Respondent's Motion for Partial Summary Dismissal (Dkt. 12) is GRANTED IN PART and DENIED IN PART. The Motion is granted with respect to Claims 1, 3, 4, 5, 6, 8, 9, 10, 11, and 16. The Motion is denied without prejudice with respect to Claim 14.

2.   Within 60 days after entry of this Order, Respondent shall file an answer to Petitioner's remaining claims (Claims 2, 7, 12, 13, 14, and 15); the answer shall include a brief discussing the merits of those claims. As to Claim 14, the answer may include a renewed request for dismissal based on procedural default (without the need to file a second motion for summary dismissal), but must not include any additional procedural default argument. The answer and brief must include argument with respect to the following issues: (1) whether the Idaho Court of Appeals' rejection of Claim 14 on direct appeal can be considered an adjudication on the merits for purposes of § 2254(d), (2) whether Petitioner is entitled to relief on the merits of Claim 14 under AEDPA review, and (3) whether Petitioner is entitled to relief on the merits of Claim 14 under de novo review.

**MEMORANDUM DECISION AND ORDER - 14**

3.      Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer, which shall be filed and served within 30 days after service of the answer. As to Claim 14, Petitioner's reply must include argument as to the same three issues identified in the immediate paragraph above. The reply must not include any additional procedural default argument. The Court will rely on the parties' previous procedural default briefing, or will order additional briefing, if necessary for resolution of this case.

4.      Respondent has the option of filing a sur-reply within 14 days after service of Petitioner's reply. At that point, the case will be deemed ready for a final decision.

5.      If the parties agree to one or more extensions of time with respect to the above briefing schedule, they may file a joint stipulation informing the Court of their agreement and of the new briefing shedule. A separate motion for extension of time need not be filed unless the parties cannot agree to an extension.

DATED: **September 23, 2016**

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 15**